IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHASE BANK USA, N.A.,

    Plaintiff,

vs.

Case No. C2-06-012
Judge Edmund A. Sargus, Jr.
Magistrate Judge Norah McCann King

CHAD WICKLINE,
    et al.,

    Defendants.

## OPINION AND ORDER

On July 17, 2006, the Clerk of Court filed an Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) as to Defendants Chad Wickline, Liberty Resources, Ridgewood Holdings, Michael Amato and Dan Wickline. On March 19, 2007, the Clerk filed an Entry of Default pursuant to Rule 55(a) as to Defendants Preston Edwards Enterprises LLC and Pyrimadyne LLC. This matter is now before the Court for consideration of Plaintiff Chase Bank USA, N.A.'s Motion for a Judgment of Default, a Non-Oral Hearing on Damages, and a Permanent Injunction. For the reasons that follow, the Motion is denied to the extent Plaintiff seeks a default judgment without a hearing, and held in abeyance as to the remaining relief requested.

Plaintiff Chase Bank USA, N.A. ("Chase Bank") seeks a judgment of default pursuant to Federal Rule of Civil Procedure 55(b)(2), a non-oral hearing on damages, an award of damages,

and a permanent injunction against Defendants Chad Wickline, Liberty Resources, Ridgewood Holdings, Michael Amato, Dan Wickline, Preston Edwards Enterprises LLC, and Pyrimadyne LLC (collectively "Defendants").[1] Defendant Mark Browning is not included among the collective Defendants.[2]

In the Complaint, Plaintiff alleges that Defendants promoted and participated in sham arbitrations and debt elimination schemes in one of two ways: (1) by inducing credit cardholders, who had previously made monthly payments to Chase Bank, to cease making those payments; and (2) by convincing cardholders, believing they were about to have their credit-card debts eliminated, to incur additional charges on their accounts with Chase Bank with no intent of repaying those charges. Chase Bank has identified 549 cardholder-accounts that it claims were involved in the sham arbitration and debt elimination schemes instigated by the Defendants. Using various source documents and applying certain assumptions and mathematical computations, Chase Bank calculates its damages at $817,355.00.

Federal Rule of Civil Procedure 55(b)(2) provides that judgment by default may be entered as follows:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor; . . . . If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If,

---

[1] On April 17, 2007, the Court granted Chase Bank's Motion to set aside the default previously entered against Defendants Lloyd Davis and Financial Freedom Concepts and dismissed these Defendants without prejudice. Chase Bank and Defendant Michael Pecora have also settled their disputes. Although it has not yet done so, Chase Bank indicates that it intends to file a Motion to Dismiss Mr. Pecora.

[2] Mr. Browning's criminal case has been sealed. Chase Bank believes that as of February 2007, Mr. Browning has been in federal prison.

> in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(b)(2).

By its terms, Rule 55(b)(2) provides the Court with discretion as to whether to hold an evidentiary hearing to determine the amount of damages. *See Fustok v. Conticommodity Servs., Inc.* 873 F.2d 38, 40 (2d Cir. 1989)(". . . [Rule] 55(b)(2) leaves the decision of whether a hearing is necessary to the discretion of the district court.") In this case, however, the sum Chase Bank requests for damages is not altogether certain or capable of easy computation. In an abundance of caution, the Court concludes that it will take evidence to confirm the computation from facts of record, to fix the amount which Chase Bank is entitled to recover and to enter judgment accordingly.

Given the number of credit card accounts at issue, the varied sources of documentation, the detailed affidavit testimony on the complex matter of computation of damages and the permanent nature of the relief requested, the Court will conduct an evidentiary hearing to determine whether judgment by default should be entered, and the amount and character of the recovery that should be awarded.

For the foregoing reasons, Plaintiff Chase Bank USA, N.A.'s Motion for a Judgment of Default, a Non-Oral Hearing on Damages, and a Permanent Injunction (Doc. # 58) is denied to the extent that it requests a non-oral hearing. The Court will hold those aspects of Chase Bank's Motion requesting entry of judgment and a permanent injunction in abeyance for disposition at the

-3-

hearing. This matter is scheduled for an **EVIDENTIARY HEARING** on **NOVEMBER 6, 2007** at **10:00 A.M.**

        IT IS SO ORDERED.

10-25-2007
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE